**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VICTORIA DeLEON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-01337 |
| | § | |
| GC SERVICES LIMITED PARTNERSHIP, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

VICTORIA DeLEON ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES LIMITED PARTNERSHIP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Texas Statute, Financial Code, § 392.302 *et seq*. ("Texas Financial Code").

## JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business and is located in the State of Texas thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person residing in Garland, Dallas County, Texas.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Financial Code § 392.001(1).

8.      Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Financial Code § 392.001(2).

9.      Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

10.     Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Prior to the filing of this Complaint, a third party placed an account with Defendant to collect monies from Plaintiff which were alleged to be owed and past due ("debt").

13.     Upon information and belief, the alleged debt arises from transactions related to a Chase credit card which was used for personal, family and household purposes.

14.     In connection with its attempts to collect the alleged debt, Defendant places telephone calls ("collection calls") to Plaintiff at (469) 366-50xx, which is Plaintiff's home telephone number.

15.     Defendant started placing collection calls around November of 2013.

16.     During the early period of Defendant's collection attempts, Defendant also placed collection calls to Plaintiff's son.

2

17.     Plaintiff's son is not on the credit card account that Defendant was attempting to collect.

18.     Defendant's employee, an individual identifying herself to Plaintiff's son as "Lisa," told Plaintiff's son that she was calling from "GC" a "collection agency" and wanted to speak to Plaintiff regarding Plaintiff's account.

19.     Plaintiff then called Defendant, instructed Defendant not to call her son but to only contact her.

20.     Plaintiff also told Defendant that at that time, she was not able to pay the alleged debt.

21.     Defendant continued to call Plaintiff even after Plaintiff informed Defendant that she is not able to pay the alleged debt.

22.     Plaintiff has an answering machine with her home telephone which allows callers to leave her a voicemail if she does not answer the call.

23.     In or around March of 2014, Defendant placed a collection call to Plaintiff and left her a message on her voicemail.  *See* transcript of voicemail, attached hereto as Exhibit A.

24.     In the message, Defendant's collector instructed Plaintiff to call 866-862-2793.  *See* Exhibit A.

25.     Defendant's telephone service provider has assigned telephone number 866-862-2793 to Defendant.

26.     The aforementioned message failed to inform Plaintiff the name of Defendant's company.  *See* Exhibit A.

27.     The aforementioned message failed to inform Plaintiff that Defendant or its collector(s) or employee(s) were debt collectors.  *See* Exhibit A.

3

28.     Defendant has left at least three (3) message for Plaintiff nearly identical to Exhibit A, all of which failed to disclose Defendant's company name or that Defendant, or its employee(s), were debt collectors.

29.     Defendant withheld its company name and the nature of its call, to collect a debt, in its message to deceive Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30.     Defendant violated the FDCPA based on the following:

a.   Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's son without the permission of Plaintiff or any other authority;

b.   Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

c.   Defendant violated § 1692d(6) of the FDCPA by failing to identify its business or company name in its message;

d.   Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt;

e.   Defendant violated §1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

WHEREFORE, Plaintiff, VICTORIA DeLEON, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, INC., for the following:

31.     Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

32.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

33.     Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED
## THE TEXAS FINANCIAL CODE

34.     Plaintiff repeats and re-alleges all of the above allegations herein.

35.     Defendant violated Texas Financial Code based on, but not limited to, the following:

    a.  Defendant violated § 392.302(2) of the Financial Code by placing telephone calls without disclosing the name of the individual making the call with the intent to annoy or harass Plaintiff;

    b.  Defendant violated § 392.304(4) of the Financial Code by failing to disclose in the message the name of the person to whom the debt has been assigned or is owed;

    c.  Defendant violated § 392.304(19) of the Financial Code by using deceptive means to collect a debt.

WHEREFORE, Plaintiff, VICTORIA DeLEON, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, INC., for the following:

36.     Injunctive relief pursuant to Texas Financial Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Financial Code;

37.     Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b); and

38.     Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 11, 2014                 By: <u>Ryan Lee</u>
                                      Ryan Lee
                                      Krohn & Moss, Ltd.
                                      10474 Santa Monica Blvd., Suite 405
                                      Los Angeles, CA 90025
                                      Tel: 323-988-2400 x241
                                      Fax: 866-861-1390
                                      rlee@consumerlawcenter.com

                                      Adam T. Hill
                                      Krohn & Moss, Ltd.
                                      10 N. Dearborn St., 3rd Fl.
                                      Chicago, IL 60602
                                      Tel: 312-575-9428 x242
                                      Fax: 866-861-1390
                                      ahill@consumerlawcenter.com

                                      *Attorneys for Plaintiff*